IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAINBIW QUICK STOP GROCERY; ET AL., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | NO. 1:18-CV-1096-LMM |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

## ANSWER

COMES NOW the United States of America, the Defendant in this case, on behalf of itself and its Department of Agriculture, by and through counsel, and responds to Plaintiffs' Complaint (Doc. 1) as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to litigate their claims alleged in the Complaint.

### THIRD DEFENSE

Sovereign immunity bars some of Plaintiffs' claims or demands.

## FOURTH DEFENSE

Defendant asserts that, in assessing its administrative sanction of permanent disqualification against this violator, it has acted in strict accordance with federal statutes and agency rules and regulations promulgated thereunder.

## RESPONSE TO THE AVERMENTS OF THE COMPLAINT

Answering the averments of the Complaint in the order in which they appear, Defendant states:

### Response to Unnumbered Paragraph

In response to the first, unnumbered paragraph of the Complaint, Defendant admits that Plaintiffs have filed the Complaint against the United States. Defendant denies that the Complaint states a claim for which relief can be granted.

### Response to Numbered Paragraphs

1. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Denied.

4. Denied. The Department of Agriculture's Food and Nutrition Service ("FNS") issued a letter of charges to Plaintiffs dated August 16, 2017.

5. Admitted.

6. In response to paragraph 6, Defendant admits that the FNS issued a determination letter dated September 20, 2017, but denies the remaining allegations of that paragraph.

7. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that the FNS received from Plaintiffs a letter dated September 29, 2017 requesting administrative review, but denies the remaining allegations of that paragraph.

9. Admitted.

10. Admitted.

11. Defendant admits that the Plaintiffs have brought this action based upon their disqualification from eligibility to participate in the SNAP.

12. This paragraph is a statement of jurisdiction to which no response is required.

13. This paragraph is a statement of venue to which no response is required.

14. Denied. Plaintiff Rainbow Quick Stop Grocery (Rainbow) was administratively dissolved on December 7, 2016.

15. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Admitted.

17. Defendant admits that Plaintiffs have summarized the cited statute.

18. Admitted.

19. In response to paragraph 19, Defendant denies that Rainbow is an approved SNAP retailer. Defendant admits that SNAP benefits are to be used as summarized by Plaintiffs in that paragraph.

20. Defendant admits that the SNAP laws specify penalties—including disqualification or suspension—against retailers who violate the SNAP and that those laws apply to all retailers approved to participate in the SNAP. Defendant denies all other averments in paragraph 20 of the Complaint.

21. Defendant admits that Plaintiffs have summarized, but not cited, the regulation contained at 7 C.F.R. § 278.6, regarding the definition of trafficking, which is a violation of the SNAP.

22. Defendant admits that Plaintiffs have summarized the cited regulation.

23. Defendant admits that Plaintiffs have summarized the cited regulation.

24. Admitted.

25. Defendant admits that Plaintiffs have summarized, but not cited, the regulation contained at 7 C.F.R. § 278.6 regarding civil money penalties for transferring ownership of a disqualified firm to a new owner.

26. Defendant admits that Rainbow has been permanently disqualified from participation in the SNAP in accordance with the terms of the determination letter dated September 20, 2017. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 26 of the Complaint

27. Denied.

28. Denied.

29. Denied.

30. In response to paragraph 30, Defendant admits that the multiple findings identified in the charge letter concerned SNAP transactions where "multiple transactions were made too rapidly to be credible," "multiple transactions were made from individual benefit accounts in unusually short time frame," and "excessively large purchase transactions were made from recipient accounts.

31. Denied.

32. Defendant denies that it has designated any witness pursuant to Fed.R.Civ.P. 30(b)(6), denies that there have been any depositions in this case, and denies all other averments in paragraph 32 of the Complaint.

33. Denied.

34. Defendant denies the allegations of Complaint paragraph 34, as written. However, Defendant admits that the FNS and its employees or agents investigated Rainbow.

35. Defendant denies the averment "This instant matter was just such a case." The remaining allegations in paragraph 35 are admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. In response to paragraph 48 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1-47 of the Complaint.

49. This paragraph is a statement of jurisdiction, to which no response is required. However, if a response is deemed necessary, denied as stated.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE PARAGRAPH. The remainder of the Complaint, introduced by "WHEREFORE," sets for Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is deemed necessary, Defendant denies

that Plaintiffs are entitled to the relief request or any relief whatsoever from the Defendant.

Any allegations of the Complaint which have not been specifically admitted or denied—directly or as implied from a response of lack of sufficient information to admit or deny—for which further response is required are hereby denied.

WHEREFORE, having fully answered the Complaint, defendant prays:

(a) That plaintiffs take nothing and this action be dismissed;

(b) That the costs of this action be taxed against plaintiffs;

(c) For an award of all allowable costs and fees against plaintiffs;

(d) That the Court grant defendant such other relief as is just and proper.

Respectfully submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

*s/ R. David Powell*
R. David Powell
Assistant United States Attorney
Georgia Bar No. 586450
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
Voice:     (404) 581-6000
Facsimile: (404) 581-4667
R.David.Powell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAINBIW QUICK STOP GROCERY; ET AL., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | NO. 1:18-CV-1096-LMM |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

**CERTIFICATE OF COMPLIANCE**

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

*s/ R. David Powell*
R. David Powell
Assistant U.S. Attorney
Georgia Bar No. 586450

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAINBIW QUICK STOP GROCERY; ET AL., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | NO. 1:18-CV-1096-LMM |
| UNITED STATES OF AMERICA, | : : : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following lead counsel:

    Andrew Z. Tapp, Esq.
    Paul S. Kish, Esq

This 15th day of June 2018.

                                    *s/ R. David Powell*
                                    R. David Powell
                                    Assistant U.S. Attorney
                                    Georgia Bar No. 586450